■ In the Matter of RAYMOND WATSON, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered January 5, 1984 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of a Superintendent's proceeding finding petitioner guilty of violating certain disciplinary rules.

Petitioner sought an order annulling the disposition of a Superintendent's proceeding which found him guilty of a violation of institutional rules and assessed a penalty. Respondents contend that the petition was properly dismissed for lack of personal service and that, in any event, this case is meritless.

We concur. Petitioner was placed in keeplock on December 24, 1982 as a result of a fighting incident. He was taken to the special housing unit the following day and, on December 28, appeared before the adjustment committee. On December 29, formal charges were served upon him alleging violation of the rules prohibiting fighting, assaults and weapons. A formal Superintendent's proceeding commenced on December 30 and concluded on January 3, 1983. Petitioner was found guilty of the charges against him and assessed a six-month penalty in the special housing unit and six months' loss of good behavior allowance. The State Correctional Services Department Review Board affirmed the disposition on April 21, 1983.

The petition in this CPLR article 78 proceeding alleged that (1) the adjustment committee proceeding was untimely (7 NYCRR 252.3 [f] [repealed eff June 15, 1983]); (2) the Superintendent's proceeding was untimely because it was not completed within seven days; (3) the administrative review was untimely in that it was not completed within 30 days; and (4) the evidence relied on was insufficient.

The moving papers contained no affirmation that either a notice of petition or an order to show cause had been served upon respondents as required by CPLR 304. Special Term thus properly dismissed the petition for lack of personal jurisdiction over respondents. We decline, as well, to remit the proceeding to Special Term for the issuance of an order to show cause because more than four months have elapsed since the Superintendent's proceeding became final and the time to commence a CPLR article 78 proceeding has elapsed (*see,* CPLR 217).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.