OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed and the determination of the Commissioner of the Department of Correctional Services annulled.
Carlos Garcia, an inmate of Clinton Correctional Facility was charged with violations of certain disciplinary rules of that facility. At the disciplinary hearing that followed service upon Garcia of the misbehavior report signed by Correction Officer Johnson, the charges were read to him. He denied the charges, related his version of the incident referred to in the misbehavior report and indicated that he had a witness, another inmate, Juan Gomez, who he claimed was with him at the time of the incident. The hearing officer advised Garcia that he would not be able to question the witness, that the hearing officer would “interview him [and] play the tape of that interview back to [Garcia]”. No reason was given as to why Gomez was not to be produced as a witness at the hearing or as to why the interview would not take place in Garcia’s presence. Gomez was interviewed out of Garcia’s presence and the interview was tape recorded. He gave a version of the incident that was at variance with that given by Garcia. When that tape was played for Garcia, he offered no explanation for the discrepancy. The charges were sustained and Garcia was ordered to “spend 180 days from June 23, 1983 to December 30, 1983” in the Special Housing Unit (SHU) and to lose his commissary and phone home privileges for a like period. Following adverse administrative review, Garcia commenced this article 78 proceeding. A divided Appellate Division confirmed the determination of the Commissioner of Corrections and dismissed the petition. We now reverse.
The regulations promulgated by the Commissioner concerning disciplinary hearings accord to an inmate a conditional right to call witnesses on his behalf (7 NYCRR 254.5 [a]) and provide that “(b) Any witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines *1003 that so doing will jeopardize institutional safety or correctional goals” (7 NYCRR 254.5 [b]).
Inasmuch as a hearing officer must “determine” that a witness’ presence will threaten institutional safety or correctional goals prior to the exclusion of the witness from the hearing, section 254.5 (b) accords petitioner the right to receive a reason for the exclusion of his witness from the disciplinary hearing. It does not appear, however, that Garcia was given any reason for the exclusion. Nothing in the record of this disciplinary proceeding indicates that the hearing officer made a determination that to allow the witness “to testify at the hearing in the presence of the inmate [would] jeopardize institutional safety or correctional goals”, nor does the record contain any factual support for such a determination. Indeed, the questions on the hearing record sheet that ask “was the witness interviewed in the presence of the inmate charged?” and “If no, was reason for denial (form 2176) given to inmate” were not answered. Thus the Commissioner failed to comply with his own regulations, and his determination must be annulled. It was not necessary for Garcia to object to the procedure followed, as it was not shown that he made a knowing and intelligent waiver of his rights (Matter of Burke v Coughlin, 97 AD2d 862; Matter of Santana v Coughlin, 90 AD2d 947).
In view of this determination we do not reach the other issues raised by appellant.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Judgment reversed, with costs, and determination of respondent Commissioner annulled in a memorandum.