OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioner, an inmate at Attica Correctional Facility, commenced a habeas corpus proceeding, contending that respondent had illegally ordered his confinement for a period of 24 months in the special housing unit following a Tier III disciplinary hearing in which petitioner had been found guilty of violating various institutional rules prohibiting murder, assault and violent conduct. In his petition he asserted that the determination was invalid because the regulations had not been filed as required by New York State Constitution and the Executive Law (NY Const, art IV, § 8; Executive Law § 102) (see, Matter of Jones v Smith, 64 NY2d 1003). We agree with the Appellate Division that a writ of habeas corpus is not the correct vehicle for reviewing the legality of a prisoner’s con *691 finement following a superintendent’s proceeding.* Accordingly, the Appellate Division properly reversed Special Term, converted the habeas corpus to an article 78 proceeding (see, People ex rel. Corcoran v Smith, 105 AD2d 1142, 1143, mod on other grounds 66 NY2d 130) and dismissed the proceeding as time-barred (CPLR 217; see, People ex rel. Jelich v Smith, 105 AD2d 1125, 1126, lv denied 64 NY2d 606).
People ex rel. Brown v Johnston (9 NY2d 482), relied on by petitioner, is not to the contrary. There, we held that the writ of habeas corpus was properly employed by petitioner, an Attica inmate, in seeking his release from an allegedly illegal confinement in Dannemora State Hospital, an institution for custody of prisoners who are declared insane. The confinement in People ex rel. Brown v Johnston (supra) was in an institution separate and different in nature from the correctional facility to which petitioner had been committed pursuant to the sentence of the court, and was not within the specific authorization conferred on the Department of Correctional Services by that sentence. Here, by contrast, petitioner does not seek his release from custody in the facility, but only from confinement in the special housing unit, a particular type of confinement within the facility which the Department of Correctional Services is expressly authorized to impose on lawfully sentenced prisoners committed to its custody (Correction Law § 137 [2], [5], [6]; 7 NYCRR 251-1.7; 254.7 [3], [4]; 304.1 [d]; 304.2 [c]; see, Hewitt v Helms, 459 US 460, 468; People ex rel. France v Coughlin, 99 AD2d 599). Such disciplinary confinement and the proceedings leading to it must comply with applicable statutes and regulations which, of course, must meet due process standards (see, Matter of Jones v Smith, supra, p 1005), and the proper procedure for review is under CPLR article 78.

Although the petition, in addition to seeking release from confinement, seeks expungement of the offense from petitioner’s record, the habeas corpus proceeding is technically moot since petitioner is no longer in confinement in the special housing unit. Nevertheless, we address the issue presented because it is a question of public importance and one which is likely to reoccur and to evade review (see, Matter of Jones v Berman, 37 NY2d 42, 57).