■ The People of the State of New York ex rel. Barry Chapman, Appellant, v James Sullivan, as Superintendent of Sing Sing Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered February 20, 1987, which converted the proceeding into a proceeding pursuant to CPLR article 78, and upon such conversion dismissed the petition.

Ordered that the judgment is modified, on the law, by deleting from the decretal paragraph the following: "According to the extent that the court deems this instant writ to be converted to an Article 78 proceeding for such latter theory". As so modified the judgment is affirmed, without costs or disbursements.

The petitioner, a State prisoner, had been placed in keeplock for 190 days following a finding at a Superintendent's hearing that he was guilty of misbehavior. Thereafter he was disciplined for two separate acts of misbehavior, both involving possession of contraband. In both, the punishment imposed would have been consecutive to the original penalty. A fourth charge of misbehavior was brought but dismissed after a hearing.

The petitioner brought the instant proceeding to challenge the legality of the first disciplinary proceeding and to obtain the expungment of all misbehavior reports. The petitioner claimed that he was being subjected to a conspiracy by prison officials to establish a negative disciplinary record which would justify the petitioner's transfer to another prison and curtailment of the petitioner's contact with his lawyer. However, no challenge was made to the validity of the other disciplinary proceedings.

After the instant proceeding was commenced, the charges which were the subject of the first disciplinary proceeding were administratively dismissed and the petitioner was no longer incarcerated in keeplock.

The Supreme Court converted the instant habeas corpus proceeding to one pursuant to CPLR article 78 to consider the

petitioner's remaining claim of conspiracy, which the Supreme Court then rejected as being without merit.

We find that it would have been improper for the Supreme Court to have considered the legality of the petitioner's keeplock confinement *(see, People ex rel. Dawson v Smith,* 69 NY2d 689, 690-691).

It was also improper to have converted the habeas corpus proceeding to a proceeding pursuant to CPLR article 78 since the petitioner failed to exhaust his administrative remedies. Correction Law § 139 provides a grievance procedure affording the petitioner a remedy *(see, Matter of Patterson v Smith,* 53 NY2d 98).

On appeal, the petitioner seeks to challenge the merits of the two disciplinary findings involving possession of contraband. However, these claims were not raised previously and will not now be considered *(see, Roth v Robbins,* 117 AD2d 794, *lv denied* 68 NY2d 602). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.