■ In the Matter of MOSES WALKER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Correctional Services, dated December 9, 1985, which affirmed a disposition after hearing disciplining the petitioner for engaging in sexual acts.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's present contention, the determination finding him guilty of engaging in sexual acts is amply supported by the evidence, which includes a written misbehavior report, the hearing testimony of two correction officers, and statements of the petitioner and some of his fellow inmates which in part corroborated the correction officers' account of the incident. Inasmuch as the weight of the conflicting evidence and matters of credibility were for the Administrative Hearing Officer's resolution (see, Matter of Silber-

*farb v Board of Coop. Educ. Servs.,* 60 NY2d 979), and said resolution was supported by substantial evidence in the record *(see, e.g., People ex rel. McClatchie v Reid,* 105 AD2d 721), we discern no basis for disturbing the challenged determination.

We find unpersuasive the petitioner's claim that he was improperly disciplined pursuant to an institutional rule of the Green Haven Correctional Facility which was not filed with the Secretary of State. A determination which disciplines an inmate under an unfiled rule must be annulled *(see, People ex rel. Roides v Smith,* 67 NY2d 899; *Matter of Jones v Smith,* 64 NY2d 1003), even when there exists a parent regulation which proscribes the same conduct and which has been duly filed *(see, Matter of Davidson v Smith,* 69 NY2d 677). However, the respondents persuasively contend that the rule which the petitioner was found guilty of violating herein (rule 101.10) is set forth in 7 NYCRR 270.1 (b) (2) (i), a duly filed State-wide regulation. The petitioner has failed to refute this argument and has otherwise failed to point to any evidence in the record in support of his claim that he was disciplined pursuant to an unfiled institutional rule. Accordingly, his contention is without merit. Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.