■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE TORRES, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding, denominated as one in the nature of habeas corpus, to review a Tier III disciplinary determination of the respondent rendered February 5, 1986, as modified on April 8, 1986,

made after a hearing, finding the petitioner guilty of misconduct and imposing a penalty, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Stolarik, J.), dated October 1, 1986, which granted the respondent's motion to dismiss, and thereupon dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

It is well established that a writ of habeas corpus is not the correct vehicle for reviewing the legality of a prisoner's confinement following a Superintendent's disciplinary proceeding (see, People ex rel. Dawson v Smith, 69 NY2d 689). Accordingly, while we ordinarily would convert this proceeding to one brought pursuant to CPLR article 78 (see, CPLR 103 [c]; People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391; People ex rel. Dawson v Smith, supra), since the application was made some six months after the disciplinary determination, it is time barred by the four-month Statute of Limitations under CPLR 217 (see, People ex rel. Dawson v Smith, supra; see also, Gertler v Goodgold, 107 AD2d 481, 487, affd 66 NY2d 946; Matter of Watson v LeFevre, 108 AD2d 1067) and such a conversion would be meaningless. In any event, the record supports the conclusion that the petitioner was disciplined under the duly filed applicable State-wide rules then in effect (see, Matter of Walker v Coughlin, 141 AD2d 734). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.