■ In the Matter of EMMANUEL PATTERSON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Respondents. [604 NYS2d 458] — Judgment unanimously reversed on the law and petition granted. Memorandum: Petitioner, an inmate at Attica Correctional Facility, was charged in a misbehavior report with violating a prison disciplinary rule that prohibits the possession of contraband that may be considered a weapon (7 NYCRR 270.2 [B] [14] [i]). Petitioner pleaded not guilty to the charge at his Tier III hearing. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of the charge and imposed a penalty. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78

proceeding challenging the legality of the determination. Supreme Court dismissed the petition. We reverse.

On October 15, 1991, a "routine cell frisk" of petitioner's cell was conducted by a correction officer. During the search, petitioner was moved outside the cell. It is conceded by respondents that, for a period of approximately 1½ minutes during the search, petitioner was not allowed to observe the search because he had been directed to the front of the gallery by another correction officer. When petitioner returned to the cell, the officer conducting the search had removed the headboard from petitioner's bed. The misbehavior report showed that, during the search, "some paper holding something in the leg of the bed" was observed. The correction officer took the headboard to a room that contained tools, which he needed to dislodge the paper. He found a weapon inside the paper.

Supreme Court should have annulled the determination and expunged the charges from petitioner's disciplinary file. The Department of Correctional Services Directive No. 4910 § IV (C) (1) states that, when a search of an inmate's cell is conducted and the inmate is removed from his cell, he "shall be * * * allowed to observe the search". "[I]t is fundamental that the Commissioner must follow his own regulations" *(Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *see also, Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003; *Matter of Howard v Coughlin,* 190 AD2d 1090, 1091).

Respondents concede that petitioner was away from his cell and not allowed to observe the search thereof for approximately 1½ minutes. We reject respondents' assertions that there was substantial compliance with the directive and that petitioner was not prejudiced by the noncompliance *(see, Matter of Howard v Coughlin, supra,* at 1091). Moreover, it was not necessary for petitioner to raise his objection to the search at the hearing "as it was not shown that he made a knowing and intelligent waiver of his rights" *(Matter of Garcia v LeFevre, supra,* at 1003; *see also, Matter of Howard v Coughlin, supra,* at 1091).

Lastly, the record does not indicate that the Hearing Officer made the determination or that respondents asserted that to allow petitioner to observe the search would "presen[t] a danger to the safety and security of the facility" (Department of Correctional Services Directive No. 4910 § IV [C] [1]). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Green, J. P., Balio, Fallon, Boomer and Davis, JJ.