Ian DAWES, Plaintiff,

v.

**Supt. Arthur LEONARDO; Hearing Officer John Patterson, Defendants.**

**No. 91 Civ. 1324 (FJS).**

United States District Court, N.D. of New York.

March 14, 1995.

---

Ian Dawes, Pine City, NY, pro se.

Darren O'Connor, Asst. Atty. Gen., State of N.Y., Dept. of Law, Albany, NY, for Arthur Leonardo, John Patterson.

## OPINION AND ORDER

BAER, District Judge.

Chief Judge Thomas J. McAvoy of the United States District Court for the Northern District of New York transferred this case for the disposition of pending motions to the Southern District of New York, by order dated November 5, 1994, due to the backlog in his district caused by a number of judicial vacancies.

### I.  Background

Plaintiff *pro se*, Ian Dawes, a New York State prison inmate at the Eastern Correctional Facility in Napanoch, N.Y., brought this civil rights action in 1991 pursuant to 42 U.S.C. § 1983 in the Northern District of New York against Superintendent Arthur Leonardo and Hearing Officer John Patterson of the Great Meadow Correctional Facility.  Plaintiff alleges that Leonardo promulgated a policy prohibiting inmates confined for disciplinary purposes in the Special Housing Unit ("SHU") from being present during the testimony of their favorable witnesses at the inmates' disciplinary hearings.  Plaintiff claims that his rights were violated in 41 disciplinary hearings held throughout 1989 as a result of the policy, and also claims that Patterson failed to prepare written explanations for preventing plaintiff from being present during that testimony.  Plaintiff further alleges in his second cause of action that Hearing Officer Patterson was not impartial.  Plaintiff seeks a declaratory judgment stating that "defendants [thereby] violated the United States Constitution and state law," Complaint at 2, § III, ¶¶ A, 11, ¶ B, an order expunging his records, and compensatory and punitive damages, *id.* at 2, § III, ¶ 11, ¶¶ C, D.

Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("failure to state a claim upon which relief can be granted"), generally arguing that inmates have no constitutional right to be present during the testimony of witnesses at disciplinary hearings.  In an order dated July 28, 1992, Judge Frederick J. Scullin, Jr. approved and adopted a Report–Recommendation by Magistrate Judge Gustave J. Di Bianco, filed July 2, 1992, which dismissed the issue of the hearing officer bias but denied the motion to dismiss the claim concerning the disputed right of inmates to be present during witness testimony at disciplinary hearings.  *Dawes v. Leonardo*, Civ. No. 91–1324 (N.D.N.Y. July 28, 1992) (approving and adopting *Dawes v. Leonardo*, Civ. No. 91–1324 (N.D.N.Y. July 2, 1992)).

Defendants moved for summary judgment on May 13, 1993 pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.  Defendants argued, in relevant part, that plaintiff was not deprived of any U.S. Constitutional right during his hearings because there simply is no right to be present during the testimony of witnesses.  Plaintiff filed a cross-motion for partial summary judgment and a memorandum in opposition to defendant's motion for summary judgment, claiming, in relevant part, that the defendants were "barred by collateral estoppel from argueing [sic] whether prisoners has [sic] a Federal Constitutional right to be present during the testimony of their favorable witnesses."  Pl.'s Mem. of L. in Opp. to Def.'s Mot. for Summ.J. at 5.

### II.  Law of the Case

■ Plaintiff's argument that defendants are barred from relitigating the issue before me fails.  Argument of a legal issue during a motion for summary judgment, which issue had already been addressed during a 12(b)(6) motion, is potentially barred by the "law of the case" doctrine.  *E.g.*, *Marketing Assistance Plan, Inc. v. Associated Milk Producers, Inc.*, 380 F.Supp. 880, 883 (W.D.Mo.1974) (denying summary judgment motion where party "relied generally upon the same legal theories to support its earlier motion to dismiss").  Courts have long held, however, that where a party has argued an issue during one motion before a given judge, the doctrine does not necessarily preclude a different judge from reconsidering the same argument proffered during a subsequent motion.  That determination instead rests within the discretion of the second judge.  *Dictograph Prods. Co., Inc. v. Sonotone Corp.*, 230 F.2d 131, 135 (2d Cir.) (" '[L]aw of the case,' as applied to the effect of previous orders on the later action of the court rendering them

in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power." (quoting *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912))), *cert. denied*, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). In the instant case, as discussed below, I have found compelling reasons that warrant the reconsideration of whether inmates possess a federal right to be present during the testimony of witnesses at their disciplinary hearings.

### III. Right to be Present During Witness Testimony?

#### A. Interaction of State and Federal Law

The Second Circuit ruled in *Francis v. Coughlin*, 891 F.2d 43, 48 (2d Cir.1989), that "[p]rison inmates do not possess a constitutional right to be present during the testimony of witnesses during a disciplinary proceeding." *See also Cortez v. Selsky*, Civ. No. 91–1905, 1992 WL 42201 (S.D.N.Y. Feb. 26, 1992); *Smith v. Tucker*, Civ. No. 88–2798, 1991 WL 211209 (S.D.N.Y. Oct. 4, 1991); *Young v. Kihl*, Civ. No. 88–900E, 1990 WL 33183 (W.D.N.Y. Mar. 20, 1990). Although *Francis* appears to constitute the first conclusive ruling to this effect in the Second Circuit, *Francis*'s holding does not allow for the inference that such a right may have, at one time, previously existed. It is therefore of no concern that certain of plaintiff's hearings took place prior to *Francis*. Besides, as the Second Circuit stated in *Francis*, "[I]f, as a matter of constitutional law, the right in question does not exist presently, it is entirely superfluous to inquire into whether it appeared to exist at some earlier point." *Id.*

Plaintiff may very well have a claim under state law, in that New York State regulations do provide inmates the right to be present during the testimony of witnesses at disciplinary hearings "unless the hearing officer determines that so doing will jeopardize in-

stitutional safety or correctional goals." N.Y.Comp.Codes R. & Regs. tit. 7, § 254.5[b]. Moreover, the New York Court of Appeals, New York's highest court, has interpreted those regulations to further require any hearing officer who does not allow an inmate to be present during given testimony to provide a reason for the refusal. *Garcia v. LeFevre*, 64 N.Y.2d 1001, 489 N.Y.S.2d 48, 478 N.E.2d 189 (1985). In *Garcia*, the court ruled that where an inmate was not permitted to be present during the testimony of witnesses and was not given explanations thereof, the ruling thereby obtained "must be annulled." *Id.* at 1003, 489 N.Y.S.2d 48, 478 N.E.2d 189.[1] Plaintiff claims that these New York State regulations create a "liberty interest of constitutional dimensions" under the Fourteenth Amendment's Due Process Clause, Pl.'s Mem. of L. in Opp. to Def.'s Mot. for Summ.J. at 13, the violation of which could then give rise to a 42 U.S.C. § 1983 action.

It is true that state laws can, under certain circumstances, provide inmates with "liberty" interests, and therefore viable section 1983 actions. As the Supreme Court explained in *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983), "[T]he repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." In *Hewitt*, the Court ruled that Pennsylvania, by enacting statutes and regulations detailing required procedures for keeping inmates in certain manners of custody, provided the inmates with a liberty interest in the ordinary manner of custody. *Id.* In the instant case, however, New York has simply provided inmates with a procedural safeguard in disciplinary hearings that is *not* required by the U.S. Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935

---

1. As *Garcia* necessarily indicates, New York enables inmates to bring Article 78 proceedings based on the failure of prison authorities to follow required procedures in disciplinary hearings. *Dawson v. Smith*, 69 N.Y.2d 689, 512 N.Y.S.2d 19, 504 N.E.2d 386 (1986).

    Whether or not plaintiff would succeed in a state action depends on several determinations, including whether plaintiff's failure to pursue the matter administratively precludes the action and whether plaintiff's "presence" by way of a speaker phone, over which he was able to direct questions at the witnesses, satisfies the state regulations.

(1974) (ruling that inmates accused of disciplinary violations be afforded certain procedures, including 24 hours notice, the right to *call*—but not necessarily to be present during the testimony of—witnesses, and an impartial tribunal); *Francis v. Coughlin,* 891 F.2d 43 (2d Cir.1989). A procedural safeguard does not constitute a liberty interest, *see Patterson v. Coughlin,* 761 F.2d 886, 892 (2d Cir.1985) (noting how the court below had "apparently confuse[d] the deprivation of a liberty interest with the denial of the constitutional right to procedural safeguards which is implicated by that interest"), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986), and where that safeguard is not required by the United States Constitution's Due Process Clause, its denial cannot constitute a violation of that clause, *see id.* (finding a section 1983 action permissible where a hearing that violated state procedural requirements simultaneously violated federal due process mandates).

### IV. Pendent Jurisdiction

Because I find that plaintiff has asserted no actionable claim under 42 U.S.C. § 1983, I will not exercise jurisdiction over any claims he may have under state law, in accordance with *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also Bolden v. Alston,* 810 F.2d 353, 358 (2d Cir.) ("[S]ince the section 1983 claims fail ..., this is not an appropriate case for the exercise by the District Court of pendent jurisdiction over state law claims."), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987).

### V. Conclusion

Defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

**SO ORDERED.**