■ In the Matter of HAROLD J. SCOTT, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Cor-

rectional Services, et al., Respondents. [648 NYS2d 124] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Correctional Services, dated August 27, 1993, which affirmed the determination of the Deputy Superintendent of Security of the Green Haven Correctional Facility, dated June 14, 1993, which, after a hearing, *inter alia,* found the petitioner guilty of violating an institutional rule prohibiting the possession of a controlled substance, and imposed a penalty. .

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the Commissioner's determination is fully supported by substantial evidence in the record, including the hearing testimony of the correction officer who conducted a routine search of the petitioner's prison cell and the inmate misbehavior report prepared shortly after the search (*see, Matter of Foster v Coughlin,* 76 NY2d 964; *People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Swindell v Coughlin,* 215 AD2d 855).

The petitioner's contention that the determination must be set aside because he was not permitted to observe the search pursuant to Department of Correctional Services Directive No. 4910 § IV (C) (1) (renum § V [C] [1] in 1994) is unpersuasive. The correction officer's testimony, which the Hearing Officer expressly credited and relied upon, established that the petitioner had been removed from his cell prior to the search in order to attend his regularly scheduled recreation period, and that the petitioner either was participating in or was waiting to take part in recreation at the time the search was conducted. Under these circumstances, no violation of Directive No. 4910 § IV (C) (1) was demonstrated (*cf., Matter of Patterson v Coughlin,* 198 AD2d 899). We note in this regard that issues of fact and credibility, as well as the inferences which reasonably could be drawn from the hearing evidence, were matters addressed to the hearing officer for resolution (*see generally, Matter of Foster v Coughlin,* 76 NY2d 964, *supra; Matter of Block v Ambach,* 73 NY2d 323; *Matter of Berenhaus v Ward,* 70 NY2d 436). We discern no basis for disturbing the hearing officer's determination of those issues and, unlike our dissenting colleague, we find that there is substantial evidence to support the Commissioner's rejection of the petitioner's contention regarding Directive No. 4910 § IV (C) (1).

The petitioner's remaining contentions are either not properly before us or are without merit. Miller, J. P., Sullivan, and Florio, JJ., concur.

O'Brien, J., dissents and votes to grant the petition and annul the determination under review with the following memorandum. The determination of the Commissioner should be annulled because the search of the petitioner's cell violated a Department of Correctional Services (hereinafter DOCS) regulation. DOCS Directive No. 4910 § IV (C) (1), which governs the routine search of a general confinement housing unit, provides that "[i]f the inmate is removed from his quarters prior to the search, he shall be placed outside the immediate area to be searched but allowed to observe the search," unless he or she presents a danger to the safety and security of the facility. The evidence adduced at the petitioner's disciplinary hearing, including the testimony of the correction officer who performed the search, established that the petitioner was removed from his cell immediately prior to the search and that he was not permitted to observe the search. No evidence was offered that the petitioner presented a danger to the facility.

I disagree with my colleagues' conclusion that the record established that the petitioner was removed from his cell in order to attend recreation and that he was in the recreation yard when the search occurred. Although the correction officer indicated that other guards were "en route" to pick up the petitioner for "keeplock recreation," it was clear from his testimony that he removed the petitioner from his cell in order to perform a search and that he did not know when the petitioner was actually taken to the recreation yard. Moreover, the respondents never claimed in their brief that DOCS Directive No. 4910 § IV (C) (1) was inapplicable because the petitioner was removed from his cell for recreation purposes.

In view of the violation of the Commissioner's own regulation governing searches, the determination should be annulled and the charges expunged from the petitioner's disciplinary file (*see, Matter of Patterson v Coughlin,* 198 AD2d 899; *see also, Matter of Garcia v LeFevre,* 64 NY2d 1001). The petitioner, however, is not entitled to the additional remedy of a transfer back to the Green Haven Correctional Facility, since the Commissioner has broad discretion in transferring inmates, and the petitioner has no constitutional or statutory right to his prior housing status (*see, Matter of Davis v Office of Classification & Movement,* 208 AD2d 922; *Matter of Jackson v Coughlin,* 199 AD2d 704; *Matter of Howard v Miller,* 193 AD2d 988).

Since I conclude that the Commissioner's determination should be annulled on the ground that the search violated DOCS Directive No. 4910 § IV (C) (1), I do not reach the remaining issues raised by the petitioner regarding the disciplinary proceedings.