■ In the Matter of JORGE WANTON, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Corrections, Respondent. [651 NYS2d 669] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 15, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Shawangunk Correctional Facility in Ulster County when he was found guilty of violating the prison disciplinary rule which prohibits possession of a weapon. Petitioner subsequently filed the instant CPLR article 78 proceeding challenging the administrative determination on the ground that it resulted from an improper search of his cell that took place out of petitioner's presence, in violation of Department of Correctional Services Directive No. 4910 (IV) (C) (1). Supreme Court granted respondent's motion to dismiss the proceeding for failure to state a cause of action.

The record discloses that the complained-of search was a routine "equipment check", carried out by a correction officer after petitioner had been assigned to another housing unit and had moved out of the cell in question. The purpose of "equipment checks" is to ascertain the condition of a recently vacated cell prior to assigning it to another inmate. There is no regulation directing that an inmate be present during an "equipment check" of a cell from which he has recently moved (*cf.*, *Matter of Patterson v Coughlin*, 198 AD2d 899, 900 [inmate's request to be present during "cell frisk" of cell in which he is currently residing must be honored]). We conclude that the search of petitioner's former cell was not violative of any prison directives or policies and so did not vitiate the decision finding him guilty of possession of a weapon.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.