■ In the Matter of ALEXANDER LLULL, Petitioner, v PHILIP COOMBE, as Commissioner of the Department of Correctional Services, et al., Respondents. [656 NYS2d 479] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As the result of an incident in which an inmate was mortally stabbed in front of petitioner's cell, correction officers searched petitioner's cell and found a homemade metal knife secreted in his mattress. Following a disciplinary hearing, petitioner was found guilty of possessing a weapon. He commenced this CPLR article 78 proceeding challenging the administrative determination on the basis that, *inter alia*, the hearing was not conducted in a timely manner, he was denied effective employee assistance and he was improperly denied the right to be present during the search of his cell.[1]

Turning to petitioner's first contention, we find it to be without merit. Petitioner was confined to the special housing unit (hereinafter SHU) on August 18, 1995, the same date the misbehavior report was prepared. Respondents obtained an extension of time to commence the hearing within seven days of the date petitioner was confined to SHU (*see*, 7 NYCRR 251-5.1). As a result of petitioner's anticipated transfer to a different facility, the extension provided that the hearing should be commenced within two days of petitioner's arrival at the new facility. While petitioner arrived at this facility on August 25, 1995, his paperwork did not arrive until August 28, 1995 and, therefore, his transfer was not officially completed until this date. On August 28, 1995, respondents made a second request for an extension of time to commence the hearing the following day, which was granted. The hearing was commenced on August 29, 1995. During the course of the hearing, two additional extensions were granted to conclude the hearing and the hearing was completed by September 7, 1995, the date set forth in the second extension. Inasmuch as respondents sought and obtained valid extensions to commence and complete the hearing and petitioner has not demonstrated that he was prejudiced by the granting of the extensions, we reject his

1. Although this proceeding appears to have been improperly transferred inasmuch as petitioner does not raise the issue of substantial evidence, we shall retain jurisdiction and address the merits of petitioner's claims in the interest of judicial economy (*see*, *Matter of Harris v New York State Div. of Parole*, 211 AD2d 205, 206).

claim that the hearing was not conducted in a timely manner (*see, Matter of Ventimiglia v Coombe*, 233 AD2d 610, 610-611; *Matter of Ramsey v Commissioner of N. Y. State Dept. of Correctional Servs.*, 231 AD2d 760, 761; *Matter of Gardiner v Coughlin*, 190 AD2d 962, *lv denied* 81 NY2d 710).

Likewise, we find no merit to petitioner's claim that he was denied effective employee assistance. Although petitioner voiced complaints regarding the assistance provided to him prior to his transfer, these complaints were rectified at the commencement of the hearing when the Hearing Officer assigned petitioner a new assistant and adjourned the hearing to give him an opportunity to confer with his new assistant. Our review of the record discloses that petitioner was given, all documents which were relevant and available and was provided adequate assistance in preparing his defense (*see, Matter of Di Rose v Coombe*, 233 AD2d 799, 800; *Matter of Gonzalez v Mann*, 186 AD2d 876, 877). Moreover, petitioner failed to demonstrate that he was prejudiced by his assistant's alleged inadequacies (*see, Matter of Parker v Laundree*, 234 AD2d 727, 728; *Matter of Johnson v Coombe*, 228 AD2d 755, 756).

Finally, petitioner's exclusion from the area surrounding his cell during the search was not improper under the particular circumstances of this case.[2] The record discloses that it was done for security reasons arising from the fact that a fatal stabbing had occurred outside petitioner's cell and petitioner's role in the stabbing, if any, was not known at the time of the search (*cf., Matter of Patterson v Coughlin*, 198 AD2d 899, 900). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

2. Department of Correctional Services Directive No. 4910 (iv) (c) (1), which governs the routine search of a general confinement housing unit, provides that if an inmate is removed from his cell prior to the search, he shall be placed outside the immediate area to be searched but allowed to observe the search unless he presents a danger to the safety and security of the facility.