■ In the Matter of OSCAR GONZALEZ, Petitioner, v CATHERINE WRONSKI, as Hearing Officer at Great Meadow Correctional Facility, et al., Respondents. [669 NYS2d 421] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a tier III hearing, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting the possession of a weapon and the possession of an altered item; the charges were based on the recovery of a sharpened metal sink plunger rod during a search of petitioner's cell. The penalty imposed was 90 days in keeplock with 30 days suspended and a commensurate loss of certain privileges. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking its annulment.

We find merit in petitioner's assertion that annulment of the determination is warranted because the correction officers who conducted the search of his cell did not comply with Department of Correctional Services Directive No. 4910 (V) (C) (1)

(formerly No. 4910 [IV] [C] [1]; hereinafter the directive). The directive provides that when, as here, a search of a general confinement housing unit cell is conducted and the inmate is removed from the cell prior to the search, the inmate shall be placed outside the immediate area to be searched but allowed to observe the search unless, in the opinion of a supervisory security staff member, such inmate presents a danger to the safety and security of the facility (*see, Matter of Llull v Coombe*, 238 AD2d 761, 762, n 2, *lv denied* 90 NY2d 804).

At the hearing, when asked by petitioner whether it was "proper procedure to have him face the wall rather than have him face his cell" during the search, the correction officer who had handcuffed and removed petitioner from his cell prior to the 1:45 A.M. search answered affirmatively. The same correction officer testified that, after midnight, all inmates are handcuffed before they are taken out of their cells and that, in the presence of his supervisor, he had handcuffed petitioner, removed him from his cell, placed him "against the bars on the back side of the gallery" facing outward away from his cell and stood behind him, in accordance with what the witness characterized as "normal procedure on nights". Notably, none of the witnesses, including the sergeant present, testified that petitioner had presented any danger to the safety and security of the facility (*compare, id.*, at 762); nor was there any testimony that anyone with supervisory security staff authority had determined that petitioner presented a danger to the safety and security of the facility. Moreover, the Hearing Officer did not make a determination that petitioner had presented such a danger (*see, Matter of Patterson v Coughlin*, 198 AD2d 899).

Without knowing the physical layout of the facility this Court is unable to determine, based on the evidence adduced at the disciplinary hearing, whether petitioner was excluded from the area surrounding his cell (*see, Matter of Llull v Coombe, supra*, at 762) or, as petitioner asserts, merely outside his cell facing the opposite direction. Under either scenario, however, it is our view that any blanket exception which would exempt all cell searches conducted after midnight from the directive which allows the inmate to observe the search neither advances the directive's purpose nor comports with the well-settled rule that respondent Commissioner of Correctional Services must follow his own regulations (*see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647; *Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003). Accordingly, under the factual circumstances herein, the determination must be annulled and the matter expunged from petitioner's disciplinary records.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references thereto from petitioner's institutional records and reimburse petitioner the mandatory surcharge.