■ In the Matter of RONALD HOLLOWAY, Petitioner, v PETER LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [695 NYS2d 148] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule which prohibits inmates from possessing weapons after a search of his cell produced a jail-made knife hidden in a plastic container. The determination of guilt was upheld on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.*

Initially, we reject petitioner's challenge to the Hearing Officer's review of confidential evidence. Even if petitioner is correct in maintaining that the Hearing Officer failed to properly ascertain the reliability and credibility of the confidential informant, we note that because the determination was not

---

* Since the petition only raises procedural challenges and does not raise an issue of substantial evidence, Supreme Court erred in transferring the proceeding pursuant to CPLR 7804 (g) (*see, Matter of Barnhill v Coombe*, 239 AD2d 719, 720, n). Nevertheless, we will retain the matter in the interest of judicial economy (*see, id.*).

based solely on evidence from a confidential informant, any errors in this regard would appropriately be considered harmless (*see, e.g., Matter of Brugman v Coughlin*, 217 AD2d 720; *Matter of Hernandez v Coughlin*, 206 AD2d 578, 579, *appeal dismissed, lv denied* 84 NY2d 1024).

Nevertheless, we find merit in petitioner's assertion that annulment of the determination is warranted because the correction officers who conducted the search of his cell did not comply with Department of Correctional Services Directive No. 4910 (V) (C) (1) (hereinafter the Directive), which allows for inmates to observe frisks of their cells under certain circumstances (*see, Matter of Gonzalez v Wronski*, 247 AD2d 767, 768). Notably, the misbehavior report does not state whether petitioner was present during the search of his cell. At the outset of the hearing, petitioner informed the Hearing Officer of his claim that, prior to the search of his cell, he was handcuffed, removed from the cell and taken to a trailer where he claims he was assaulted. The Hearing Officer adjourned the hearing so that, *inter alia*, a report of petitioner's complaint could be made. When the hearing resumed, petitioner attempted at different times to again reiterate his claim that he had been removed from his cell and assaulted prior to the search, but on almost each occasion the Hearing Officer interrupted him and told him that these matters were collateral to the misbehavior report and would be addressed separately. Petitioner denied that the knife belonged to him and claimed that it was either planted in his cell by the correction officer who allegedly assaulted him or had been left by a previous occupant.

Although respondents in their brief claim no knowledge as to whether petitioner was present during the search of his cell, they assert that this issue has been waived due to petitioner's failure to make a specific objection on this ground at the hearing (*see, Matter of McDowell v Coughlin*, 222 AD2d 915, 916), an argument we cannot accept. While petitioner concedes he did not make a formal objection based on the Directive, he consistently maintained throughout the hearing that he was not present during the search and this factor, combined with the Hearing Officer's attempts to redirect him when he attempted to elaborate on his claims of abuse and retaliation, convinces us that petitioner made no knowing waiver of his rights under the Directive (*see, Matter of Patterson v Coughlin*, 198 AD2d 899, 900). Petitioner's statements regarding his whereabouts during the frisk are uncontradicted on this record and there is no proof that he was excluded from observing the search for legitimate security reasons. Accordingly, given these equitable

considerations (*see, Matter of Hillard v Coughlin*, 187 AD2d 136, 140, *lv denied* 82 NY2d 651) and the factual circumstances herein, the determination must be annulled and the matter expunged from petitioner's disciplinary records.

In light of this conclusion, the remaining issues raised by petitioner have been rendered academic.

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references thereto from petitioner's institutional records.