■ In the Matter of BERNARD JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [731 NYS2d 918] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the unauthorized possession of a narcotic or controlled substance after a search of his cell disclosed a quantity of powder which laboratory tests subsequently identified as heroin. Petitioner asserts that the determination should be annulled on the ground that the search of his cell violated the terms of Department of Correctional Services Directive 4910 (V) (C) (1) (hereinafter the directive), which provides that when a cell search is conducted in a general confinement housing unit and the inmate is removed from the cell during the search, the inmate is to be permitted to observe the search unless, in the opinion of a supervisory security staff member, the inmate presents a risk to the facility's security (*see, Matter of Gonzalez v Wronski,* 247 AD2d 767, 768; *Matter of Llull v Coombe,* 238 AD2d 761, 762 n 2, *lv denied* 90 NY2d 804). It is uncontested that the correction officers who conducted the search compelled petitioner to leave his cell and that he was not permitted to observe the search. Respondents attempt to justify this procedure by arguing that petitioner was not entitled to witness the cell search because he was housed in the special housing unit where the provisions of the directive do not apply (*see, Matter of Adams v Bennett,* 279 AD2d 919, 920, *lv denied* 96 NY2d 712).

Respondents' contention is not supported by the record. The misbehavior report clearly states that a search was conducted of cell 2-E-12, not cell 1-E-28, as asserted by respondents.* There is nothing in the record to indicate either that the search was conducted in the special housing unit or that a determination was ever made by a supervisory staff member that petitioner posed a danger to the security of the facility. Accordingly, we find that the terms of the directive were violated. As it is well settled that respondent Commissioner of Correctional Services must adhere to his own regulations (*see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647; *Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003), the determination must be annulled and the matter expunged from petitioner's disciplinary records.

Peters, J. P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references thereto from petitioner's institutional records and to reimburse petitioner the mandatory surcharge.

---

* It would appear from the inmate misbehavior report that cell 1-E-28 is the cell into which petitioner was placed after the search of cell 2-E-12 revealed contraband.