In the Matter of GUSTAVO MORALES, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 526]—

After a search of petitioner's prison cell revealed a plastic tube attached to a bag of yellow liquid that was believed to be urine, he was removed to the special housing unit. A continuation of the search revealed a scalpel, several bags of a green leafy substance, a white powder and a paper clip with foil attached. He was thereafter charged in a misbehavior report with possession of a weapon, possession of contraband, smuggling and committing an unhygienic act. When the green substance tested positive for marihuana, petitioner was subsequently served with a second misbehavior report charging him with drug possession. A tier III disciplinary hearing was conducted to address both reports, after which petitioner was found guilty of possessing a weapon, contraband and drugs. That determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.*

Petitioner's sole contention on this appeal is that he was impermissibly denied the right to observe that part of the search that took place after he was removed to the special housing unit. Respondent argues that this issue is unpreserved for this Court's review due to petitioner's failure to raise it at the disciplinary hearing. However, lack of preservation that arises from the failure to raise an issue at a disciplinary hearing should be confined to those instances in which the Hearing Officer has the opportunity to correct the deficiency if so raised (see e.g. Matter of Hamilton v Bezio, 76 AD3d 1125, 1126 [2010]; Matter of Bosquet v Bezio, 69 AD3d 1257, 1258 [2010]; Matter of Christian v Goord, 20 AD3d 862, 863 [2005]). Where the alleged error arises from a defect that appears on the face of the record, raising the issue in an administrative appeal gives the administrative body adequate opportunity to correct the error, thus preserving the issue for judicial review (see Matter of Quinones

* Because the issue of substantial evidence was not raised in the petition, this proceeding appears to have been improperly transferred to this Court (see Matter of Barca v Fischer, 80 AD3d 1038, 1038 n [2011], lv denied 16 NY3d 711 [2011]; Matter of Davis v State of New York, 75 AD3d 1022, 1022 n [2010]). However, in the interest of judicial economy, we retain jurisdiction and address the merits.

*v Fischer*, 67 AD3d 1285, 1286 [2009]; *Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]). Thus, we find petitioner adequately preserved the issue by raising it in his administrative appeal.

Turning to the merits, pursuant to Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1), an inmate is permitted to observe a search of his or her cell when he or she is removed for the purpose of conducting the search unless a determination is made that such presence endangers the safety or security of the facility (*see Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009]; *Matter of Vines v Goord*, 19 AD3d 951, 952 [2005]; *Matter of McKethan v Selsky*, 297 AD2d 840, 841 [2002]). Here, the record demonstrates that petitioner was impermissibly removed to the special housing unit after the discovery of the plastic tube and the bag with yellow liquid, without any determination having been made that he was a security risk. As there was no showing that the suspected liquid was urine and, thus, the charge of committing an unhygienic act was dismissed, all of the charges for which petitioner was found guilty resulted from the search subsequent to his removal. Inasmuch as respondent is required to adhere to his own regulations, the determination of guilt must be annulled (*see Matter of Johnson v Goord*, 288 AD2d 525, 526 [2001]; *Matter of Holloway v Lacy*, 263 AD2d 740, 741-742 [1999]; *Matter of Gonzalez v Wronski*, 247 AD2d 767, 768 [1998]).

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record and to reimburse the mandatory surcharge to petitioner.