■ In the Matter of TIMOTHY BUSH, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 672]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered May 2, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievances.

Petitioner, an inmate at Wyoming Correctional Facility in Wyoming County, applied for participation in a food service training program in June 2010 and was denied based on the grounds that he had already satisfied his vocational requirement and was currently refusing to participate in a recommended sex offender counseling and treatment program (hereinafter SOCTP). Thereafter, petitioner filed two grievances challenging the denial of his program request and contending that his prior refusal should be removed from his files because he was no longer refusing to participate in the SOCTP. After the initial determinations from both grievances were appealed, the appeals were consolidated and, ultimately, denied by the Central Office Review Committee. Petitioner thereafter commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner now appeals.

We modify. With respect to petitioner's contention that his refusal to participate in the SOCTP should have been removed from his record, the gravamen of his argument is that the regulations in existence at the time required such removal.* Indeed, the record demonstrates that, after signing a program refusal notification in August 2007, petitioner notified his correction counselor in July 2008 that he would participate in the program and, in turn, petitioner was notified shortly thereafter

---

* We note that, to the extent that petitioner challenged the denial of his grievance with respect to his participation in the food service training program, the issue is deemed abandoned by his failure to raise the issue in his brief on appeal (see Matter of McDonald v Board of the Hudson Riv.-Black Riv. Regulating Dist., 86 AD3d 844, 846 [2011]).

that he had been reinstated to the program waiting list. The policies and procedures in effect at that time stated that an offender "will continue to be considered as a refusal" until such time as he or she contacts his or counselor to ask for a second opportunity to participate. Thus, when petitioner requested participation in July 2008, the refusal should have been removed from his record, inasmuch as respondent is required to adhere to his own regulations (*see Matter of Morales v Fischer*, 89 AD3d 1346, 1347 [2011]; *Matter of Johnson v Goord*, 288 AD2d 525, 526 [2001]). The fact that the guidelines were subsequently amended in November 2008 to provide that a refusal would not be removed until an offender actually started participating in the program is of no moment; the refusal should have been removed from petitioner's files prior to the promulgation of the new policy. Thus, to the extent that the Central Office Review Committee denied petitioner's request to remove his program refusal from his record, we find such determination to be arbitrary and capricious (*see Matter of Frejomil v Fischer*, 68 AD3d 1371, 1373 [2009]).

Mercure, A.P.J., Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition that challenged the denial of petitioner's grievance as it related to the removal from his record of his refusal to participate in the sex offender counseling and treatment program; petition granted to that extent and respondent is directed to remove all references to said refusal from petitioner's institutional record; and, as so modified, affirmed.