Mercure, J.P.
Appeal from a judgment of the Supreme Court (Hayden, J.), entered May 15, 2012 in Chemung County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner challenges a determination finding him guilty, after a tier II disciplinary hearing, of possessing contraband and excess clothing. Petitioner argues that he was improperly denied the right to be present during the search of his cell. He commenced this proceeding following the rejection of his administrative appeal, and now appeals from Supreme Court’s dismissal of the petition.
We reverse. Department of Corrections and Community Supervision Directive No. 4910 [V] [C] [1] provides, as relevant here, that “[i]f the inmate is removed from quarters prior to [a] search, he or she shall be placed outside the immediate area to be searched, but allowed to observe the search. However, if, in the opinion of a supervisory security staff member, the inmate presents a danger to the safety and security of the facility, the inmate shall be removed from the area and not allowed to observe the search.” At the disciplinary hearing, petitioner raised his objection that he was improperly removed from the area of his cell despite his request to observe the search. He stated that he was told by a correction officer that he had to “go in the shower” while his cell was searched. After petitioner indicated that he had not raised his concern with the housing *1161 sergeant, the Hearing Officer concluded the matter without making further inquiry into whether petitioner had been denied the opportunity to observe the search and, if so, whether a legitimate reason supported the denial (cf. Matter of Gomez v Fischer, 101 AD3d 1195, 1196 [2012]; Matter of Cody v Fischer, 84 AD3d 1651, 1651 [2011]).*
Absent any indication that a supervisory staff member determined that petitioner posed a danger to the security of the facility, we cannot conclude that the Department of Corrections and Community Supervision complied with Directive No. 4910. We reject respondent’s argument that, inasmuch as petitioner was attending a program when his cell was first searched, he had no right to observe the search of his cell for a second time, which was performed after he returned from the program. While cell searches may properly be conducted in an inmate’s absence (see e.g. Matter of Mitchell v Fischer, 81 AD3d 1013,1014 [2011]; Matter of Lopez v Selsky, 300 AD2d 975, 975 [2002], lv denied 100 NY2d 509 [2003]), petitioner had returned to his cell and requested to observe the second portion of the search, but was directed to go to the shower instead, evidently without any determination of a security risk having been made. Accordingly, since it is well settled that the Department of Corrections and Community Supervision must adhere to its own regulations, “the determination must be annulled and the matter expunged from petitioner’s disciplinary records” (Matter of Johnson v Goord, 288 AD2d 525, 526 [2001]; see Matter of Morales v Fischer, 89 AD3d 1346, 1347 [2011]; Matter of Holloway v Lacy, 263 AD2d 740, 741-742 [1999]; Matter of Gonzalez v Wronski, 247 AD2d 767, 767-768 [1998]; Matter of Patterson v Coughlin, 198 AD2d 899, 900 [1993]).
Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner’s institutional record and to reimburse the mandatory surcharge to petitioner.

 Petitioner’s failure to request witnesses at the hearing is not dispositive inasmuch as the Hearing Officer had notice of his objection but nevertheless failed to further investigate the matter to determine whether proper procedures were followed (see Matter of Crook v Fischer, 91 AD3d 1076, 1077 [2012]; see also Matter of Garcia v LeFevre, 64 NY2d 1001, 1003 [1985]; Matter of Holloway v Lacy, 263 AD2d 740, 741 [1999]; Matter of Patterson v Coughlin, 198 AD2d 899, 900 [1993]).