■ In the Matter of KENNETH LEWIS, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [997 NYS2d 754]—

Proceeding pursuant to CPLR article 78 to review (1) a determination of Albert Prack, Director of the Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Corrections and Community Supervision, dated August 6, 2012, which affirmed a determination of a hearing officer dated June 6, 2012, made after a disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 104.11, 104.13, and 106.10 (7 NYCRR 270.2 [B] [5] [ii], [iv]; [7] [i]), and (2) a determination of Albert Prack, on behalf of Brian Fischer, dated August 29, 2012, which affirmed a determination of a hearing officer dated June 15, 2012, made after a disciplinary hearing, finding him guilty of violating prison disciplinary rule 113.10 (7 NYCRR 270.2 [B] [14] [i]).

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner, Kenneth Lewis, contends that the hearing officer improperly "declined to permit [his] inmate assistant to testify" at one of the two subject hearings. Under the circumstances of this case, and in the absence of any indication that the assistant had "personal knowledge of the facts" (*Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]; *see Matter of Tafari v Fischer*, 94 AD3d 1324, 1325 [2012]; *Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009]), Lewis has failed to demonstrate that he is entitled to annulment of the determination dated August 29, 2012, on this ground.

Lewis also argues that, with respect to the determination dated August 29, 2012, there was a violation of Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1), which affords certain prison inmates a conditional right to observe, under defined circumstances, any search of their cell that might take place after their removal from the cell (*see e.g. Matter of Mingo v Chappius*, 106 AD3d 1160 [2013]; *Matter of Morales v Fischer*, 89 AD3d 1346 [2011]; *Matter of Holloway v Lacy*, 263 AD2d 740 [1999]). That directive applies where a prisoner had been " 'removed from his [or her] cell for the purpose of conducting [a] search' " (*Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009], quoting *Matter of Williams v Goord*, 270 AD2d 744, 745 [2000]). The petitioner contends that he was not in the immediate area and not allowed to observe the subject search. However, the contraband relating to Lewis's violation of prison disciplinary rule 113.10 (7 NYCRR 270.2 [B] [14] [i]), a sharpened piece of laminate known as a "shank," was not

discovered in the course of a cell search. Rather, the shank was discovered during the process of unpacking Lewis's belongings at the special housing unit after he had been transferred to that location for unrelated reasons, and the record contains evidence showing that Lewis was present during this unpacking process (*see generally Matter of Argentina v Fischer*, 98 AD3d 768 [2012]; *Matter of Scott v Coughlin*, 231 AD2d 727 [1996]).

Lewis's remaining arguments relating to the determination dated August 29, 2012, as well as his remaining arguments relating to the determination dated August 6, 2012, are similarly without merit. Thus, we confirm the determinations, deny the petition, and dismiss the proceeding on the merits. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.