Matter of State of N.Y. ex rel. Louis M. (Popiel) (2025 NY Slip Op 00070)

Matter of State of N.Y. ex rel. Louis M. (Popiel)

2025 NY Slip Op 00070

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 808187/24 Appeal No. 3432 & M-5525 Case No. 2024-03379 

[*1]In the Matter of The State of New York ex rel. Louis M., Petitioner-Appellant,
Maryann Popiel et al., Respondents-Respondents.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Zack A. Struver of counsel), for appellant.
McAloon & Friedman, PC, New York (Gina Bernardi Di Folco of counsel), for Maryann Popiel, and Jacobi Medical Center, respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for New York City Police Department, respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Veronica G. Hummel, J.), entered May 28, 2024, which denied the petition for a writ of habeas corpus and dismissed the proceeding, unanimously affirmed, without costs.
Although this appeal is moot because petitioner has been released from the custody of respondent New York City Police Department (NYPD), this case warrants an exception to the mootness doctrine because it presents a controversy that is "likely to be repeated, typically evades review, and raises substantial and novel questions" (Wisholek v Douglas, 97 NY2d 740, 742 [2002]). Recent Supreme Court decisions have addressed the issue raised in this proceeding, concerning the use of leg and wrist restraints on a person being involuntarily confined in a psychiatric hospital (see e.g. B.L. v Agarkar, 82 Misc 3d 846, 850 [Sup Ct, NY County 2024]). Furthermore, psychiatric patients are often hospitalized for brief periods shorter than the time required for appellate review (see Mental Hygiene Legal Servs. ex rel. Aliza K. v Ford, 92 NY2d 500, 505 [1998]; New York City Department of Health and Mental Hygiene, Epi Data Brief, Adult Psychiatric Hospitalizations in New York City, June 2016, available at https://www.nyc.gov/assets/doh/downloads/pdf/epi/databrief71.pdf [last accessed Nov. 29, 2024]). The lack of appellate case law demonstrates that this controversy evades review and that it raises substantial and novel legal questions (see Matter of Bezio v Dorsey, 21 NY3d 93, 100 [2013]).
As to the merits, Supreme Court correctly denied the habeas petition because petitioner challenged only the conditions of his confinement and did not seek immediate release (see Matter of Nonhuman Rights Project, Inc. v Breheny, 38 NY3d 555, 570 [2022]). Thus, habeas corpus relief was unavailable to him (see People ex rel. Dawson v Smith, 69 NY2d 689, 690-691 [1986]). As the court suggested, a CPLR article 78 petition would have been a more appropriate avenue to pursue petitioner's claim (see id. at 691). However, under the particular circumstances of this case, in the absence of a complete record and certain proper parties, conversion to an article 78 proceeding would be inappropriate (see People ex rel. Keyes v Khahaifa, 101 AD3d 1665, 1665 [3d Dept 2012], lv denied 20 NY3d 862 [2013]).
 M-5525— The State of New York ex rel. Louis M. v Maryann Popiel et al.
Motion to take judicial notice of hearing transcripts from habeas proceedings in Supreme Court, Kings County, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025