■ In the Matter of LESTER CRANDELL, Petitioner, v J. T. MITCHELL, as Hearing Officer, Respondent. [594 NYS2d 418] — Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Eastern Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

It has been established that a misbehavior report alone can constitute substantial evidence of an inmate's misconduct (see, Matter of Perez v Wilmot, 67 NY2d 615). Here, the report was written by the correction officer who was involved in the incident. It stated that after petitioner signed into the law library he told the correction officer he was ill and requested permission to return to his cell. Permission was granted but petitioner returned to his recreation area instead of his cell. In our view, the report was sufficiently relevant and probative to support the finding that petitioner was out of place and failed to follow staff directions regarding his movements (see, Matter of Curl v Kelly, 125 AD2d 948; see also, Matter of La Boy v LeFevre, 136 AD2d 815). Petitioner's contention that he had received permission to return to his cell block and that

this included the recreation area merely raised questions of credibility for respondent to resolve (see, Matter of Hernandez v LeFevre, 150 AD2d 954, lv denied 74 NY2d 615). Finally, we find no error in respondent's refusal to call the regular law library officer as a witness. The requested witness was not on duty at the time of the incident and could shed no light on the issue of whether petitioner asked to go to his cell or to his cell block. Under these circumstances, we agree with respondent's determination that this testimony was not necessary (see, Matter of Hop Wah v Coughlin, 162 AD2d 879).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.