◼ In the Matter of FARIS ABDUL-MATIYN, Appellant, v COMMISSIONER, STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [673 NYS2d 257] —Peters, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered January 31, 1997 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Following a tier II hearing, petitioner, an inmate at Woodbourne Correctional Facility in Sullivan County, was found guilty of violating a prison disciplinary rule prohibiting being out of place. The determination was affirmed upon administrative appeal, and petitioner commenced this CPLR article 78 proceeding to annul the administrative determination on the ground that it was not supported by substantial evidence. Supreme Court affirmed the determination and dismissed the petition.

Prefatorily, we note that Supreme Court should have transferred this proceeding to this Court since the issue raised is whether the determination was supported by substantial evidence (*see*, CPLR 7804 [g]; *Matter of Smith v Coughlin*, 111 AD2d 503, 504). However, since the matter is now before us, we may decide the issue as if it had been properly transferred here initially (*see, id.*).

Upon our review of the record, we find that respondent's determination was amply supported by substantial evidence (*see, Matter of Ingram v Mann*, 219 AD2d 743). The evidence against petitioner included the misbehavior report authored by the correction officer who found petitioner in the prerelease center (hereinafter the center) when he was not on "call-out" and when prerelease was not part of his program. In addition, the correction officer who allegedly gave petitioner permission to go to the center testified that he only gave petitioner permission to go to the bathroom and that while petitioner informed him that he was also going to go to the center, he believed that petitioner had a "call-out" and, therefore, that he belonged in the center but that he never gave petitioner permission to go there. This correction officer further testified that if he had given petitioner permission to go to the center, he would have, according to procedure, called ahead to the officers in the center to let them know petitioner had his permission to be there. Moreover, the coordinator of the center testified that although the center was available to all inmates, they needed permission to go there.

We find, therefore, that petitioner's contention that he received permission to go to the center was not supported by the evidence (*see, Matter of Slack v Leonardo*, 195 AD2d 892) and, in any event, "merely raised questions of credibility for respondent to resolve" (*Matter of Crandell v Mitchell*, 191 AD2d 782, 783). We have considered petitioner's other contentions and find them to be without merit.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.