■ In the Matter of ELVIN LEBRON, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Respondent. [852 NYS2d 451]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review three determinations of respondent which, among other things, found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was found guilty following a tier II hearing in October 2005 of possession of authorized articles in an unauthorized area. Following a separate tier II hearing in December 2005, petitioner was found guilty of making false statements, being out of place, violating facility regulations regarding movement and leaving an assigned area. In a third matter, petitioner had previously been given authorization to correspond with two other inmates housed in different correctional facilities but, in 2003, that authorization was withdrawn due to the fact that his correspondence contained inappropriate content pursuant to 7 NYCRR 720.6 (d) (2). Petitioner reapplied for authorization in 2005, but the application was denied in a determination denying his grievance. All three determinations were affirmed on administrative appeal, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to review them.

Initially, as the Attorney General advised this Court, during the pendency of this proceeding, the October 2005 determination finding petitioner guilty of possession of authorized articles in an unauthorized area was administratively reversed and all references thereto were expunged from petitioner's institutional record. Inasmuch as petitioner has been afforded all the relief to which he is entitled, the petition, to the extent it seeks review of this determination, is dismissed as moot (*see Matter of Kuletsky v Selsky*, 41 AD3d 1124, 1124 [2007]; *Matter of Roman v Goord*, 41 AD3d 1102, 1102 [2007]).

Turning to the determination stemming from the December 2005 tier II hearing, the misbehavior report and the testimony at the hearing constitute substantial evidence in support of the determination finding petitioner guilty of making false statements, being out of place, violating facility regulations regarding movement and leaving an assigned area. On the day in question, petitioner failed to report to his assigned work area at his scheduled time, and a search of the facility ensued. Petitioner reported to work 90 minutes later, claiming he had call-out slips which allowed him to go to the notary public, but a check of facility records by a correction officer revealed that petitioner

only had call-out slips for the law library, which had expired. Although petitioner argues that he had followed proper procedure and received permission to go to the notary, this created a credibility question for the Hearing Officer to resolve (*see Matter of Brown v Katz*, 26 AD3d 559, 560 [2006]; *Matter of Abdul-Matiyn v Commissioner, State of N.Y., Dept. of Correctional Servs.*, 250 AD2d 1009, 1010 [1998]). Moreover, petitioner was not improperly denied documentary evidence as the documents he requested were unavailable (*see Matter of Young v Selsky*, 32 AD3d 598, 598 [2006]; *Matter of Rincon v Selsky*, 28 AD3d 565, 566 [2006]). Petitioner's remaining contentions concerning this determination, to the extent preserved, have been considered and found to be without merit.

On review of the denial of petitioner's grievance related to his application for authorization to correspond with other inmates which was denied based upon his prior violation of the privilege, we find that respondent stated adequate reasons for the denial (*see* 7 NYCRR 720.6 [d] [1]).

Mercure, J.P., Peters, Lahtinen and Malone Jr., JJ., concur. Adjudged that the petition, to the extent that it challenges the October 2005 determination, is dismissed, as moot, without costs. Adjudged that the December 2005 determination is confirmed, without costs, and petition, to the extent it challenges that determination, dismissed. Adjudged that the determination denying petitioner's inmate-to-inmate correspondence application is confirmed, without costs, and petition, to the extent it challenges that determination, dismissed.