■ In the Matter of JOSEPH DARVIE, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [897 NYS2d 925]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered July 21, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While awaiting entry to the prison clinic, petitioner refused a correction officer's directive to return to a nearby bullpen. He further told the officer that he had to use the bathroom, but left without doing so. As a result, he was charged in a misbehavior report with refusing a direct order, making a false statement and a facility movement violation. Following a tier II disciplinary hearing, he was found guilty of refusing a direct order and making a false statement, and that determination was upheld upon administrative appeal. Supreme Court dismissed petitioner's ensuing CPLR article 78 proceeding and he now appeals.*

Contrary to petitioner's argument, the misbehavior report, as well as the testimony of the correction officer who prepared it and petitioner's admission that he did not use the bathroom despite saying he needed to, provide substantial evidence supporting the determination of guilt (*see Matter of Lebron v Artus*, 48 AD3d 993, 994 [2008], *lv denied* 10 NY3d 709 [2008]; *Matter of McIver v Goord*, 37 AD3d 943, 944-945 [2007]). Nor are we persuaded that it was inconsistent to find petitioner guilty of refusing a direct order, but not of a facility movement violation.

Peters, J.P., Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

* As a substantial evidence issue was raised in the petition, Supreme Court should have transferred the proceeding to this Court (*see Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]).