In the Matter of JAMES ARGENTINA, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [949 NYS2d 824]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered November 15, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Prison staff searching petitioner's property during a cell transfer found certain contraband and prohibited materials. Petitioner was charged with violating four prison disciplinary rules and was found guilty of possessing gang-related materials, excessive stamps and contraband. The determination was affirmed on administrative appeal and petitioner commenced this proceeding seeking review of the determination. Supreme Court dismissed the petition. Petitioner appeals.

Because the petition raises—albeit inartfully—a question of substantial evidence, Supreme Court should have transferred the matter to this Court after it disposed of other objections that "could terminate the proceeding" (CPLR 7804 [g]; see Matter of Jones v Fischer, 84 AD3d 1604, 1605 n [2011]; Matter of Darvie v Fischer, 72 AD3d 1306 n [2010]). Addressing the merits of that argument, the misbehavior report and the testimony of the correction officer who conducted the search provide substantial evidence supporting respondent's determination (see Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]).

Petitioner's contentions that the hearing was not convened or concluded in a timely manner, he received insufficient assistance, there were errors in the misbehavior report, the correction officer who testified was not shown to be qualified to give an opinion regarding gang signs and symbols, and petitioner did not receive an updated copy of one of the disciplinary rules he was charged with violating were not raised at the hearing and/or

upon administrative appeal and are therefore unpreserved for our review (*see Matter of Morales v Fischer*, 89 AD3d 1346, 1346-1347 [2011]; *Matter of Pujals v Fischer*, 87 AD3d 767, 767 [2011]; *Matter of Coleman v Fischer*, 87 AD3d 778, 779 [2011]; *Matter of Hernandez v Bezio*, 76 AD3d 1148, 1148-1149 [2010]; *Matter of Perez v Goord*, 304 AD2d 939, 939 [2003]; *see generally Matter of Hamilton v Goord*, 32 AD3d 642, 643 [2006], *lv denied* 7 NY3d 715 [2006]; *Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]).* Additionally, petitioner's assertion that the search of his belongings was in violation of Department of Corrections and Community Supervision Directive No. 4910 is unavailing, inasmuch as that directive was not applicable to the circumstances of the search at issue. Any gaps in the hearing transcript are not so significant as to prevent meaningful review (*see Matter of McKinley v Goord*, 40 AD3d 1280, 1280 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Ford v Smith*, 23 AD3d 829, 829 [2005], *lv denied* 6 NY3d 708 [2006]). Petitioner's remaining arguments have been reviewed and are either unpreserved or lacking in merit.

Peters, P.J., Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Considering that petitioner's request for reconsideration was not submitted to respondent until after his administrative appeal was concluded, petitioner did not properly preserve issues for our review by including them in that reconsideration request (*see generally Matter of O'Malley v New York City Tr. Auth.*, 158 AD2d 822, 824 [1990], *lv denied* 76 NY2d 704 [1990]).