■ In the Matter of ANTHONY MEDINA, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [961 NYS2d 339]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered November 15, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review four determinations of the Superintendent

of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in four misbehavior reports with violations of prison disciplinary rules stemming from distinct incidents. Following separate tier II disciplinary hearings, he was found guilty of many of the charges. His administrative appeals were unsuccessful, and he thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the proceeding, and petitioner now appeals.*

Petitioner, who is visually impaired, argues that he was not provided reasonable accommodation for his disability in these disciplinary proceedings (*see generally* 42 USC §§ 12132, 12133; *Pennsylvania Dept. of Corrections v Yeskey*, 524 US 206 [1998]). Inasmuch as he was provided with enlarged copies of the misbehavior reports, which were repeatedly read aloud to him, and was further offered magnification to assist in reading them, we disagree. Petitioner may have preferred other accommodations, but the fact remains that the ones provided were reasonable and "enable[d] him to have comprehended the charges against him and to understand and knowledgeably participate in the hearings themselves" (*Matter of Wong v Coughlin*, 138 AD2d 899, 900 [1988]).

While we have considered and rejected the bulk of petitioner's remaining claims, we agree with him that the January 11, 2011 determination must be annulled. The record discloses that the relevant hearing transcript is incomplete and omits the testimony of the correction officer who authored the misbehavior report. The Hearing Officer relied upon that testimony in finding petitioner guilty and, thus, the failure to record it precludes meaningful review and requires remittal for a new hearing upon those charges (*see Matter of White v Fischer*, 73 AD3d 1372, 1373 [2010]; *Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d 1153, 1153 [2008]).

Peters, P.J., Mercure, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination dated January 11, 2011; petition granted to that extent, said determination annulled, and matter remitted to the Superintendent of Sullivan Correctional Facility for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* We note that, "[b]ecause the petition raises . . . a question of substantial evidence, Supreme Court should have transferred the matter to this Court after it disposed of other objections that 'could terminate the proceeding' " (*Matter of Argentina v Fischer*, 98 AD3d 768, 768 [2012], quoting CPLR 7804 [g]).