Matter of Baher v Rodriguez (2025 NY Slip Op 07056)

Matter of Baher v Rodriguez

2025 NY Slip Op 07056

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1533
[*1]In the Matter of Martin Baher, Petitioner,
vAnthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:November 14, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and McShan, JJ.

Martin Baher, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with engaging in a sexual act and violating facility visiting procedures based upon conduct observed in a video taken in the facility's gymnasium. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Although certain penalties were reduced upon administrative review, this determination was otherwise affirmed, prompting this CPLR article 78 proceeding.
Contrary to petitioner's contention, the misbehavior report, hearing testimony, including the confidential testimony considered by the Hearing Officer in camera, documentary evidence and the video recording of the incident provide substantial evidence to support the determination of guilt (see Matter of Wesley-Rosa v Russell, 230 AD3d 1456, 1456-1457 [3d Dept 2024]; Matter of Lopez v Annucci, 171 AD3d 1326, 1327 [3d Dept 2019]). As to petitioner's contention that he was improperly denied documentary evidence consisting of the unusual incident report and the to/from memoranda, the record reflects that the memoranda and the preliminary unusual incident report were read into the record and we discern no prejudice to petitioner for not having received copies of the documents (see Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [3d Dept 2013]; Matter of Randall v Fischer, 94 AD3d 1302, 1302-1303 [3d Dept 2012]).
Petitioner further contends that the imposed penalty of 30 days in segregated confinement violated the Humane Alternatives to Long-Term Solitary Confinement Act (hereinafter the HALT Act) (Correction Law § 137 [6] [i] [i], [ii], as amended by L 2021, ch 93, § 5). We agree. The record reflects that the Hearing Officer did not make the requisite findings necessary under the HALT Act to impose more than three consecutive days of segregated confinement (see Correction Law § 137 [6] [k] [ii]). Though respondent asserts that petitioner's failure to raise the HALT Act violation in his petition renders it unpreserved (see Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]), petitioner raised the issue in his reconsideration request, which request respondent received and reviewed in connection with the administrative appeal prior to issuing the challenged determination (compare Matter of Argentina v Fischer, 98 AD3d 768, 769 n [3d Dept 2012]).[FN1] To the extent any preservation defect remains, the Hearing Officer's imposition of the overlong segregated housing penalty without following the lawful procedure set out in the HALT Act "presents a question of law that appears on the face of the record that could not have been avoided had it been properly raised"; thus, the issue is properly before us (Matter of Patrolmen's Benevolent [*2]Assn. of the City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 175 AD3d 1703, 1710 n 7 [3d Dept 2019] [internal quotation marks and citation omitted]; see CPLR 7803 [3]; Matter of Morales v Fischer, 89 AD3d 1346, 1346-1347 [3d Dept 2011]). Although petitioner has already served his confinement penalty, "as enduring consequences potentially flow from [this penalty] remaining on petitioner's institutional record," we must annul the penalty and remit for the imposition of an appropriate penalty (Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision, 241 AD3d 1, 5 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]). In doing so, we repeat and emphasize that "hearing officers have no authority to disregard the HALT Act's statutory limitations and requirements by substituting their own judgment and imposing penalties beyond those which the law allows," and this "unlawful practice" must cease (see Matter of Peterkin v New York State Dept. of Corr. & Community Supervision, 242 AD3d 26, 32, [3d Dept 2025] [emphasis added]).
Clark, J.P., Aarons, Lynch, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination modified, on the law, without costs, by annulling so much thereof as imposed a penalty of a period of segregated confinement; petition granted to that extent, and matter remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty imposed; and, as somodified, confirmed.

Footnotes

Footnote 1: Though respondent's determination of petitioner's administrative appeal did not address or remedy the HALT Act violation, we note that respondent reduced the other aspects of the penalty because the "nature of [the] offense, however serious[,] does not warrant [the] penalty imposed."