■ In the Matter of HASAN RAQIYB, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [691 NYS2d 222] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner challenges a prison disciplinary determination finding him guilty of violating inmate rules 101.20 (7 NYCRR 270.2 [B] [2] [ii] [intentionally exposing one's private parts]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [engaging in violent conduct or threatening violence]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [disobeying an order]), and 123.10 (7 NYCRR 270.2 [B] [24] [i] [inflicting or attempting to inflict bodily harm upon oneself]). Petitioner contends that he was improperly denied his right to call witnesses at the hearing and that the determination is not supported by substantial evidence.

Contrary to his contention, petitioner was not denied the right to call material witnesses (*see,* 7 NYCRR 254.5 [a]; *cf., Matter of Johnson v Goord,* 261 AD2d 929 [decided herewith]). The Hearing Officer contacted the hospital in furtherance of petitioner's request to call the nurses as witnesses, but the hospital refused to cooperate. With respect to petitioner's request to call the doctor, the record establishes that the doctor left before the incident occurred and thus had no relevant and noncumulative testimony to give.

The misbehavior report and the testimony of the correction officers constitute substantial evidence supporting the determination (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.