■ In the Matter of MICHAEL GONZALEZ, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [778 NYS2d 381]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Drury, A.J.), entered December 13, 2002 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition to review a determination of respondent finding that petitioner had violated various inmate rules.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the petition in part, annulling that part of the determination finding that petitioner had violated inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii]) and 113.25 (7 NYCRR 270.2 [B] [14] [xvi]) and vacating the recommended loss of good time and as modified the judgment is affirmed without costs, respondent is directed to expunge from petitioner's institutional record all references thereto, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: We agree with petitioner that the Hearing Officer erred in refusing to allow him to offer documentary evidence at his Tier III hearing in support of his defense that his interest in "Tina" was sexual and not indicative of his ability to procure drugs for inmates at the facility. The evidence that

petitioner sought to offer was relevant to his defense with respect to his alleged violation of inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii] [solicitation of goods]) and 113.25 (7 NYCRR 270.2 [B] [14] [xvi] [sale of narcotics]). Under the circumstances of this case, we modify the judgment by granting the petition in part and annulling that part of the determination finding that petitioner had violated inmate rules 103.20 and 113.25, and we direct respondent to expunge from petitioner's institutional record all references thereto (*see Matter of Adams v Coughlin*, 202 AD2d 1055 [1994]). Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation. We therefore further modify the judgment accordingly, and we remit the matter to respondent for reconsideration of the recommended loss of good time (*see Matter of Cross v Goord*, 2 AD3d 1425, 1426 [2003]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.