■ In the Matter of INJAH TAFARI, Appellant, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [940 NYS2d 692]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 17, 2011 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was assigned the duty of wet cell clean up and, in connection therewith, was given a new green scrub pad to use. He returned only half of the pad after he was finished and, when the correction officer collecting the cleaning supplies informed petitioner that the scrub pad was brand new, petitioner began yelling and threw the rest of the pad into a bucket. As a result, petitioner was charged in a misbehavior report with harassment, interfering with an employee and destroying state property. Following a tier III disciplinary hearing, he was found guilty of the former two charges but not of the latter, and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding. After service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Petitioner's sole contention is that he was improperly denied certain witnesses, namely, an employee from the Office of Mental Health (hereinafter OMH) and two investigators from the Inspector General's office. We find this argument to be unpersuasive. The OMH employee that petitioner requested refused to testify (*see Matter of Allah v Goord*, 4 AD3d 804 [2004]; *Matter of Raqiyb v Goord*, 261 AD2d 940 [1999]). In any event, the Hearing Officer conducted a confidential in camera interview with another OMH employee who testified to petitioner's mental capacity. As for the two employees from the Inspec-

tor General's office, these individuals were not present at the time of the incident and had no personal knowledge of the same (*see Matter of Knight v Bezio*, 82 AD3d 1381, 1382 [2011], *lv dismissed* 17 NY3d 788 [2011]; *Matter of Washington v Napoli*, 61 AD3d 1243, 1243 [2009], *lv denied* 13 NY3d 704 [2009]). Although petitioner requested the Inspector General's office to investigate, he failed to articulate how the testimony of these individuals was relevant to his defense of retaliation (*see Matter of Bilbrew v Goord*, 33 AD3d 1107, 1108 [2006]). Accordingly, we find that the Hearing Officer did not err in refusing petitioner's requested witnesses, and Supreme Court properly dismissed the petition.

Rose, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.