Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 14, 2011 in Franklin County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding challenging a disciplinary determination finding him guilty of lewd conduct after he exposed himself to a correction facility nurse. Petitioner’s sole contention on appeal is that he was improperly denied the right to call certain witnesses in support of his defense that the misbehavior report was in retaliation for complaints against the nurse. Although petitioner explained that he had previously requested that the proposed witnesses commence investigations into alleged on-going retaliatory conduct by the nurse, including this incident, there is no indication that an investigation into the current incident had commenced (compare Matter of Diaz v Fischer, 70 AD3d 1082 [2010]). Furthermore, the record establishes that the requested witnesses had no first-hand knowledge of the incident (see Matter of Tafari v Fischer, 93 AD3d 1054, 1055 [2012]; Matter of Pante v Goord, 73 AD3d 1394, 1395 [2010]; Matter of Trammell v Selsky, 10 AD3d 787, 788-789 [2004]). Accordingly, there was no error in the Hearing Officer refusing to call petitioner’s requested witnesses, and Supreme Court properly dismissed the petition.
Peters, P.J., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. [Prior Case History: 2011 NY Slip Op 33221(U).]