# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

765

CA 12-00226

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF KAREEM MURPHY,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HAROLD D. GRAHAM, SUPERINTENDENT, AUBURN
CORRECTIONAL FACILITY, RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT-APPELLANT.

KAREEM MURPHY, PETITIONER-RESPONDENT PRO SE.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Cayuga County (Thomas G. Leone, A.J.), entered September 2, 2011 in a
proceeding pursuant to CPLR article 78. The judgment granted the
petition and vacated the determination of respondent.

It is hereby ORDERED that the judgment so appealed from is
unanimously vacated, the determination is modified on the law and the
petition is granted in part by vacating the penalty imposed and as
modified the determination is confirmed without costs and the matter
is remitted to respondent for further proceedings in accordance with
the following Memorandum: Respondent appeals from a judgment that
granted the petition, vacated respondent's determination finding
petitioner guilty of violating inmate rule 113.25 (7 NYCRR 270.2 [B]
[14] [xv] [prohibiting possession of, inter alia, marihuana]), and
ordered the expungement of the determination from petitioner's
institutional record. We note at the outset that Supreme Court erred
in failing to transfer this proceeding to this Court pursuant to CPLR
7804 (g). That section provides in relevant part that, where a
substantial evidence issue is raised, "the court shall first dispose
of such other objections as could terminate the proceeding, . . . [but
i]f the determination of the other objections does not terminate the
proceeding," the court shall transfer the proceeding to this Court
(*id.*). The court granted the petition based on respondent's violation
of its own directive, i.e., Department of Correctional Services
Directive No. 4910 (V) (C) (1), that petitioner had the right to be
present during the search of his cell. Respondent's contention that
prison officials properly invoked the security exception contained in
that directive is raised for the first time on appeal, and thus it is
not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984,
985; *cf. Matter of Patterson v Coughlin*, 198 AD2d 899, 900). In any
event, that contention lacks merit because the record is devoid of

evidence that "allow[ing] petitioner to observe the search would 'presen[t] a danger to the safety and security of the facility' " (*Patterson*, 198 AD2d at 900; *see Matter of Johnson v Goord*, 288 AD2d 525, 526; *Matter of Gonzalez v Wronski*, 247 AD2d 767, 768).  Moreover, there is no indication that petitioner waived his right to observe the search of his cell (*see Matter of Vines v Goord*, 19 AD3d 951, 952; *Matter of Mitchell v Goord*, 266 AD2d 614, 615; *see generally Patterson*, 198 AD2d at 900).

Although we conclude that the court properly determined that respondent violated its own directive and thus that the marihuana found during the improper search of petitioner's cell could not form the basis for the finding that petitioner violated the inmate rule in question, we nevertheless agree with respondent that there is substantial evidence to support the Hearing Officer's finding of guilt with respect to petitioner's violation of the inmate rule.  Thus, respondent's violation of its own directive "does not terminate the proceeding" (CPLR 7804 [g]), and the court therefore should have transferred the proceeding to this Court.  The misbehavior report set forth that a correction officer had asked petitioner to exit his cell, whereupon he conducted a pat frisk of petitioner and discovered a cellophane bag containing suspected contraband drugs in petitioner's right sock.  It is undisputed that the frisk was conducted before the search of petitioner's cell.  Subsequent testing revealed that the bag contained 4.1 grams of marihuana.  It is well established that a written misbehavior report may constitute substantial evidence of an inmate's misconduct (*see Matter of Perez v Wilmot*, 67 NY2d 615, 616; *People ex rel. Vega v Smith*, 66 NY2d 130, 140).  Although petitioner denied that drugs were found on his person, that denial served only to create a credibility issue that the Hearing Officer was entitled to resolve against petitioner (*see Perez*, 67 NY2d at 617; *see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Based on the violation of the inmate rule, the Hearing Officer imposed a penalty that included a loss of good time of 12 months.  The penalty imposed, however, took into account the total quantity of drugs, i.e., the 4.1 grams of marihuana discovered on petitioner's person and the 29.8 grams recovered during the search of petitioner's cell.  The Hearing Officer expressly found that the total quantity demonstrated an intent to distribute, which constituted "an aggravating factor."  Insofar as the record fails to specify what penalty may have been imposed based solely upon the much smaller quantity of marihuana found on petitioner's person, we modify the determination by vacating the penalty imposed.  Although there is no need to remit the matter to respondent for the imposition of a new penalty to the extent that petitioner has already served the penalty, it is unclear from the record what portions of the penalty have been served.  We therefore remit the matter to respondent for reconsideration of that part of the penalty that has not already been served, including reconsideration of the recommended loss of good time (*see generally Matter of McFadden v Prack*, 93 AD3d 1268; *Matter of*

*Monroe v Fischer*, 87 AD3d 1300, 1301; *Matter of Gonzalez v Goord*, 8 AD3d 970, 971).

Entered:  August 17, 2012                      Frances E. Cafarell
                                               Clerk of the Court