# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1118**

**CA 12-00315**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

JOHN JACOBSON, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

LEEMILTS PETROLEUM, INC., DOING BUSINESS AS
GETTY, ET AL., DEFENDANTS,
AND BOBBY PETROLEUM CORP., DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (THOMAS A. DIGATI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF JOHN J. FROMEN, ESQ., BUFFALO, MAGAVERN MAGAVERN GRIMM
LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered June 2, 2011 in a personal injury action. The order, among other things, granted plaintiff leave to amend his summons and complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a fuel pump suppression system at a gas station (premises) suddenly activated, thereby causing caustic, fire-retardant chemicals to be released onto him. In his summons and complaint, plaintiff named various unknown defendants as "John Doe" in the event that the named defendants were not the owners or operators of the premises or were not responsible for the fuel pump suppression system. After the complaint was filed, plaintiff's attorney was advised by an insurance company that defendant Bobby Petroleum Corp. (Bobby) was the operator of the premises. After the relevant statute of limitations expired, plaintiff moved by order to show cause for, inter alia, leave to amend his summons and complaint to substitute Bobby for the John Doe defendant identified as being responsible for the operation of the premises. Supreme Court granted plaintiff's motion.

Bobby contends that the court erred in relying upon CPLR 1024, concerning the commencement of an action against an unknown party, as the basis for granting plaintiff's motion because that statute was referenced only in plaintiff's reply papers. We reject that contention. It is well settled that contentions raised for the first time in reply papers are not properly before the court (*see Dipizio v*

*Dipizio*, 81 AD3d 1369, 1370), but that was not the case here. Although plaintiff's original motion papers did not specifically refer to CPLR 1024, those papers stated that plaintiff was seeking to substitute Bobby in place of the relevant John Doe named in the complaint. Bobby, therefore, had notice that plaintiff was relying on that statute before plaintiff's reply. Contrary to Bobby's further contention, plaintiff demonstrated that he made "genuine effort[s] to ascertain [Bobby's] identit[y] prior to the running of the [s]tatute of [l]imitations" (*Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249, 253 [internal quotation marks omitted]). Bobby also contends that the description of John Doe in the summons and complaint for which it was substituted was inadequate inasmuch as it did not provide Bobby with the requisite notice that it was the intended defendant (*see Lebowitz v Fieldston Travel Bur*., 181 AD2d 481, 482). That contention is raised for the first time on appeal and therefore is not properly before us (*see Murphy v Graham*, 98 AD3d 833, 834; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

In light of our determination that CPLR 1024 applies, we see no need to address Bobby's contention concerning the relation-back doctrine.

Entered: December 21, 2012                                     Frances E. Cafarell
Clerk of the Court