Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin *1001 County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with violent conduct, committing an unhygienic act, harassment, threats and a mess hall violation. According to the report, after a correction officer placed a cup of coffee on petitioner’s “feed up hatch,” petitioner intentionally used his breakfast tray to push the coffee off the hatch so that it spilled onto the officer and the floor. Following a tier III disciplinary-hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative review, prompting the commencement of this CPLR article 78 proceeding.
Initially, respondent concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of harassment, threats and a mess hall violation. The determination with respect to these charges must therefore be annulled but, as petitioner has served the penalty and there was no loss of good time, the matter need not be remitted for a redetermination of the penalty (see Matter of Franza v Venettozzi, 98 AD3d 782, 783 [2012]). Further, despite respondent’s claim that petitioner abandoned all challenges to the charges of violent conduct and committing an unhygienic act,* our review of petitioner’s submissions to this Court confirms that he is pursuing his contention that the misbehavior report, including the charges of violent conduct and committing an unhygienic act, was written in retaliation for numerous harassment grievances that he previously filed against the author of the misbehavior report.
In that regard, petitioner maintains that the Hearing Officer improperly denied his right to call witnesses at the hearing. Petitioner sought to call an inmate who did not witness the incident but purportedly heard a remark from a correction officer that “we finally got him.” Contrary to petitioner’s claim, this alleged remark does not establish that the misbehavior report was unfounded. Rather, it merely suggests that correction officers had been trying to catch him violating prison rules and had finally succeeded. Accordingly, there was no error in denying the witness as irrelevant (see Matter of Dallio v Fischer, 68 AD3d 1380, 1380 [2009]; Matter of Washington v Napoli, 61 AD3d 1243, 1243 [2009], lv denied 13 NY3d 704 [2009]; compare Matter of H’Shaka v Fischer, 100 AD3d 1056, 1057 [2012]).
*1002 Petitioner also sought to call an investigator from the Inspector General’s office. Although petitioner now claims that the proposed witness investigated this incident, at the hearing he indicated only that the proposed witness had investigated his previously filed complaints of harassment and official misconduct. The Hearing Officer accepted the fact that petitioner had previously complained of harassment, and there is no indication that the proposed witness ever investigated the incident that is the subject of the misbehavior report. Accordingly, the proposed witness had no relevant testimony regarding this incident, and we find no error in the Hearing Officer’s refusal to call him (see Matter of Tafari v Rock, 96 AD3d 1321, 1321 [2012], lv denied 19 NY3d 810 [2012]; Matter of Tafari v Fischer, 93 AD3d 1054, 1054-1055 [2012], lv dismissed 19 NY3d 1007 [2012]; compare Matter of Diaz v Fischer, 70 AD3d 1082, 1082-1083 [2010]). Similarly, we are unpersuaded by petitioner’s claim that he was denied the right to produce evidence of a grievance he had filed months prior to the incident, inasmuch as the Hearing Officer accepted the fact that petitioner had previously filed complaints (see Matter of Washington v Napoli, 61 AD3d at 1243).
Peters, P.J., Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of harassment, threats and a mess hall violation; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.

 Notably, inasmuch as petitioner does not pursue a substantial evidence challenge in his brief regarding the violent conduct and unhygienic act charges charges, we deem any claims in that regard as to those charges to be abandoned (see Matter of Lamage v Bezio, 74 AD3d 1676, 1676 [2010]).