# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**712**
**CA 13-01497**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

NICK'S GARAGE, INC., PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JAFFE & ASHER LLP, NEW YORK CITY (MARSHALL T. POTASHNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA R.S. CANNON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered June 10, 2013.  The order denied the motion of
defendant to dismiss in part plaintiff's second amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously
affirmed without costs.

Memorandum:  Plaintiffs in these two appeals operate automobile
repair shops, and they commenced these actions to recover payment for
repairs performed on behalf of various assignors, including persons
involved in accidents with defendant's insureds (*see generally* 11 NYCRR
216.7 [a] [2]).  Insofar as relevant in each appeal, plaintiffs asserted
causes of action for quantum meruit and the violation of General Business
Law § 349, which prohibits deceptive business practices.  In appeal Nos.
1 and 2, defendant moved to dismiss those causes of action in the second
amended complaint and the amended complaint, respectively, on the ground
that plaintiffs lacked standing under Insurance Law § 3420 because their
assignors were strangers to the underlying insurance policies.  Supreme
Court denied both motions.  We now affirm.

When the plaintiff is a stranger to the underlying insurance policy,
"Insurance Law § 3420 . . . grants [him or her] a right to sue the tortfeasor's
insurer, but only under limited circumstances—[he or she] must first
obtain a judgment against the tortfeasor, serve the insurance company
with a copy of the judgment and await payment for 30 days.  Compliance
with th[o]se requirements is a condition precedent to a direct action
against the insurance company" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 354).
 That condition precedent, however, applies only when the direct action
seeks relief "under the terms of the [insurance] policy or contract" (§
3420 [a] [2]).

Here, the causes of action for quantum meruit and deceptive business practices do not seek relief "under the terms of the [insurance] policy or contract." Rather, those causes of action raise distinct legal theories that are independent of the policy terms. Thus, contrary to defendant's contention in both appeals, Insurance Law § 3420 does not bar plaintiffs' causes of action for quantum meruit and deceptive business practices, and the court therefore properly denied the motions to dismiss insofar as they were premised on that ground (*see Nick's Garage, Inc. v State Farm Gen. Ins. Co.*, 2013 WL 718323, *10; *see generally First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046 n; *McNamara v Allstate Ins. Co.*, 3 AD2d 295, 298).

Defendant's remaining contentions in each appeal were raised for the first time in its reply papers, and it is "well settled that contentions raised for the first time in reply papers are not properly before [us]" (*Jacobson v Leemilts Petroleum, Inc.*, 101 AD3d 1599, 1600).

Entered: August 8, 2014          Frances E. Cafarell
Clerk of the Court