# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**329**
**CA 16-00724**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF FREDERICK MCMILLIAN,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

JOHN B. LEMPKE, SUPERINTENDENT, WENDE CORRECTIONAL
FACILITY, ET AL., RESPONDENTS-RESPONDENTS.

---

FREDERICK MCMILLIAN, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered April 5, 2016 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing a direct order]), and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]). Supreme Court denied the petition and confirmed respondents' determination. We note at the outset that the court erred in failing to transfer this proceeding to this Court pursuant to CPLR 7804 (g). "[W]here a substantial evidence issue is raised, 'the court shall first dispose of such other objections as could terminate the proceeding[,] . . . [but i]f the determination of the other objections does not terminate the proceeding,' the court shall transfer the proceeding to this Court" (*Matter of Murphy v Graham*, 98 AD3d 833, 833-834, quoting CPLR 7804 [g]). We conclude that, "[b]ecause the petition raises—albeit inartfully—a question of substantial evidence, [the court] should have transferred the matter to this Court after it disposed of other objections that 'could terminate the proceeding' " (*Matter of Argentina v Fischer*, 98 AD3d 768, 768). "Nonetheless, because the record is now before us, we will 'treat the proceeding as if it had been properly transferred here' " (*Matter of Quintana v City of Buffalo*, 114 AD3d 1222, 1223, *lv denied* 23 NY3d 902).

Contrary to petitioner's contention, the court's denomination of its paper as an order rather than a judgment is "merely an inconsequential and nonprejudicial error which should be disregarded" (*Matter of De Paula v Memory Gardens*, 90 AD2d 886, 886; *see CRP/Extell Parcel I, L.P. v Cuomo*, 27 NY3d 1034, 1037). We reject petitioner's further contention that the hearing disposition is not supported by substantial evidence. "It is well established that a written misbehavior report may constitute substantial evidence of an inmate's misconduct" (*Murphy*, 98 AD3d at 834-835; *see Matter of Foster v Coughlin*, 76 NY2d 964, 966) and, here, "[t]he misbehavior report, together with the testimony of the author of the report who observed the incident, 'constitutes substantial evidence supporting the determination that petitioner violated [the] inmate rule[s]' at issue" (*Matter of Jones v Annucci*, 141 AD3d 1108, 1108-1109). Moreover, "[a]lthough the version of events relayed by the petitioner and his inmate witnesses conflicted with that of the correction officer who authored the report," that conflict merely "presented a credibility question to be resolved by the [H]earing [O]fficer" (*Matter of Jackson v Prack*, 137 AD3d 1133, 1134).

Petitioner further contends that his hearing was not timely concluded. We reject that contention. "[I]t is well settled that, '[a]bsent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory' " (*Matter of Sierra v Annucci*, 145 AD3d 1496, 1497; *see Matter of Al-Matin v Prack*, 131 AD3d 1293, 1293, *lv denied* 26 NY3d 913; *Matter of Edwards v Fischer*, 87 AD3d 1328, 1329). We note, too, that the inmate disciplinary regulations permit the use of reasonable extensions where "authorized by the commissioner or his designee" (7 NYCRR 251-5.1 [b]; *see Matter of Sanders v Goord*, 47 AD3d 987, 987-988; *Matter of Taylor v Coughlin*, 135 AD2d 992, 993). Here, "the delay was authorized and reasonable [and] the extensions were proper[,] and we thus conclude that the delay did not prejudice petitioner, nor did it deny him due process" (*Taylor*, 135 AD2d at 993).

We reject petitioner's contention that he was deprived of his regulatory rights to call certain witnesses and present certain documentary evidence in support of his defense of retaliation. " 'The additional testimony [and documentary evidence] requested by petitioner would have been either redundant or immaterial' " (*Matter of Jackson v Annucci*, 122 AD3d 1288, 1288; *see Matter of Sanchez v Irvin*, 186 AD2d 996, 996-997, *lv denied* 81 NY2d 702). Furthermore, it was proper for the Hearing Officer to exclude the testimony of witnesses who did not have personal knowledge of the alleged disciplinary violations (*see Jackson*, 137 AD3d at 1134-1135; *Matter of Pilet v Annucci*, 128 AD3d 1198, 1198-1199; *Matter of Tafari v Rock*, 96 AD3d 1321, 1321, *lv denied* 19 NY3d 810). Moreover, petitioner cannot now complain about the propriety of the explanations appearing on the inmate witness refusal forms, where he never "request[ed] that the . . . inmates be interviewed or that the Hearing Officer ascertain the reason for their refusal to testify and made no objections with regard to any [of those] requested witnesses" (*Matter of Torres v Annucci*,

144 AD3d 1289, 1290; *see Matter of Dotson v Coughlin*, 191 AD2d 912, 914, *lv denied* 82 NY2d 651; *Matter of Crowley v O'Keefe*, 148 AD2d 816, 817, *appeal dismissed* 74 NY2d 780, *lv denied* 74 NY2d 613).

Although petitioner also raises a due process challenge to the Hearing Officer's failure to procure the testimony of the correction officer who escorted petitioner to his cell just prior to the incident, petitioner failed to raise that challenge in his administrative appeal and therefore failed to exhaust his administrative remedies with respect thereto, and this Court has no discretionary power to reach it (*see Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834; *see also Matter of Godwin v Goord*, 270 AD2d 881, 881).  Additionally, to the extent that petitioner contends that the Hearing Officer failed to make sufficient efforts to secure inmate witnesses on his behalf, we reject that contention and conclude that the Hearing Officer acted reasonably (*see Matter of Shepherd v Commissioner of Corr. & Community Supervision*, 123 AD3d 1283, 1283; *see generally Matter of Guzman v Coughlin*, 90 AD2d 666, 666).

Finally, "[w]e reject petitioner's further contention that the Hearing Officer was biased or that the determination flowed from the alleged bias" (*Jones*, 141 AD3d at 1108-1109).

Entered:  April 28, 2017                     Frances E. Cafarell
                                             Clerk of the Court