Matter of Bradshaw v Annucci (2018 NY Slip Op 05549)





Matter of Bradshaw v Annucci


2018 NY Slip Op 05549


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of JAY BRADSHAW, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ.


Jay Bradshaw, Romulus, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, attempted assault on staff and unauthorized use of a telephone. According to the report, after petitioner finished his keeplock shower, he went straight toward a telephone and picked up the receiver, ignoring a correction officer's repeated orders to go back to his cell and lock in. Petitioner, who had lost his telephone privileges, slammed down the receiver and approached the officer, reached through the bars and tried to grab his jacket. When the officer again directed petitioner to lock in to his cell, he went to his cell and then exited, wrapping fabric around his fist, causing an alarm to be activated and a response team arrived. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Jackson v Annucci, 159 AD3d 1204, 1205 [2018]). Petitioner's contrary account and claims of retaliation created a credibility issue for the Hearing Officer to resolve (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]). Contrary to petitioner's contention, the Hearing Officer properly denied his request to call as a witness his mental health therapist to establish that he had complained about being harassed and had recently filed a grievance against the officer involved in this incident. The therapist was concededly not present during the incident or during any other pertinent time and, thus, had no relevant testimony to offer with regard to these charges (see Matter of Tafari v [*2]Fischer, 93 AD3d 1054, 1054-1055 [2012], lv denied 19 NY3d 1007 [2012]). Petitioner was permitted to testify to the claimed harassment and that he had reported it to his therapist, and the grievance was read into the record. Thus, testimony that petitioner had complained of harassment would have been redundant (see Matter of Medina v Rodriguez, 155 AD3d 1200, 1200-1201 [2017]). Petitioner's remaining arguments have been considered and, to the extent preserved, they have been found to be unavailing.
Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.