Matter of Smith v Annucci (2024 NY Slip Op 04030)

Matter of Smith v Annucci

2024 NY Slip Op 04030

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

537 KAH 23-01753

[*1]IN THE MATTER OF DAKOTA SMITH, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered January 23, 2023, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various incarcerated individual rules. Petitioner then moved for summary judgment on the petition based on respondent's failure to submit an answer. Respondent filed an answer in response. Supreme Court effectively denied the motion and dismissed the petition, and we affirm.
We reject petitioner's contention that the court erred in denying his motion. CPLR 7804 (e) provides that "[s]hould the [respondent] body or officer fail either to file and serve an answer or to move to dismiss, the court may either issue a judgment in favor of the petitioner or order that an answer be submitted." Inasmuch as "it is the established policy of this State that disputes be resolved on their merits . . . a proceeding to annul a determination by an administrative agency should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits" (Matter of Murray v Matusiak, 247 AD2d 303, 304 [1st Dept 1998] [internal quotation marks omitted]; see Matter of Adoui v Commissioner of Permit & Inspection Servs., 147 AD3d 1404, 1405 [4th Dept 2017]). Respondent demonstrated an intention to have the subject controversy determined on the merits through the submission of an answer in response to petitioner's motion and, thus, the petition should be resolved on the merits (see Adoui, 147 AD3d at 1405).
We note, however, that the court erred in failing to then transfer the proceeding to this Court pursuant to CPLR 7804 (g). "[W]here a substantial evidence issue is raised, 'the court shall first dispose of such other objections as could terminate the proceeding[,] . . . [and i]f the determination of the other objections does not terminate the proceeding,' the court shall transfer the proceeding to this Court" (Matter of Murphy v Graham, 98 AD3d 833, 834 [4th Dept 2012], quoting CPLR 7804 [g]). We conclude that, "[b]ecause the petition raises—albeit inartfully—a question of substantial evidence, [the court] should have transferred the matter to this Court after it disposed of [the] other objection[ ] that 'could terminate the proceeding' " (Matter of McMillian v Lempke, 149 AD3d 1492, 1492-1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017] [internal quotation marks omitted]). Nonetheless, inasmuch as "the record is now before us, we will 'treat the proceeding as if it had been properly transferred here in its entirety' . . . and review petitioner's contentions de novo" (Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223 [4th Dept 2014], lv denied 23 NY3d 902 [2014]; see McMillian, 149 AD3d at 1493).
We reject petitioner's contention that the Hearing Officer's determination that the search of his cell complied with Department of Corrections and Community Supervision (DOCCS) directive No. 4910 (VI) (D) (1), which allows incarcerated individuals to observe searches of their cells unless a supervisory security staff member determines that they pose a danger to the safety and security of the facility, was not supported by substantial evidence. "A prison disciplinary determination must be supported by substantial evidence, meaning that in order to sustain a determination of guilt, a court must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Bryant v Coughlin, 77 NY2d 642, 647 [1991]). Here, the supervising officer's testimony constituted substantial evidence that petitioner presented a danger to the safety and security of the facility and, thus, petitioner's removal during the search of his cell complied with DOCCS directive No. 4910 (VI) (D) (1) (cf. Matter of Holloway v Lacy, 263 AD2d 740, 741 [3d Dept 1999]; see generally Matter of Mills v Annucci, 149 AD3d 1593, 1594 [4th Dept 2017]). To the extent other witness testimony or exhibits conflicted with the supervising officer's testimony, that "present[ed] an issue of credibility for the Hearing Officer to resolve" (Matter of Dalrymple v Fischer, 65 AD3d 725, 725 [3d Dept 2009]; see Matter of Gray v Annucci, 144 AD3d 1613, 1614 [4th Dept 2016], lv denied 29 NY3d 901 [2017]).
In addition, contrary to petitioner's remaining contentions, the record does not establish that the Hearing Officer "was biased or that the determination flowed from the alleged bias" (Matter of Amaker v Fischer, 112 AD3d 1371, 1372 [4th Dept 2013]) or that petitioner was denied the opportunity to present his defense (see generally Matter of Abdur-Raheem v Mann, 85 NY2d 113, 124 [1995]; Matter of Thomas v Annucci, 193 AD3d 1356, 1357 [4th Dept 2021]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court